# NO. 12-19-00058-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL SAMPSON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Michael Sampson, acting pro se, filed this original proceeding in which he contends that Respondent violated his due process and equal protection rights because he is incarcerated and unable to meet his bond.[1] Relator maintains that he filed a petition for writ of habeas corpus on January 18, 2019, and Respondent has yet to schedule a hearing on the petition or make a ruling thereon.

On February 22, 2019, the Clerk of this Court notified Relator that his petition for writ of mandamus failed to comply with Texas Rule of Appellate Procedure 52.3(a)-(g) and (j) and Rule 52.7. The notice further informed Relator that his petition would be referred to the Court for dismissal unless he provided a supplemental petition and the record on or before March 4, 2019. The deadline has passed and Relator has not filed a supplemental petition or mandamus record with this Court.

A party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. This entails filing a petition that includes the identity of parties and counsel, a table of contents, an index of authorities, a statement of the case, a statement of jurisdiction, issues presented, a statement of facts, and a certification. TEX. R. APP. P. 52.3(a)-(g), (j). Relator's petition does not comply with these requirements.

---

[1] Respondent is the Honorable Alfonso Charles, Judge of the 124th District Court in Gregg County, Texas. The State of Texas is the Real Party in Interest.

Moreover, Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. *See* TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

It is a relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *In re Daisy*, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.—Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide the record in accordance with Rule 52.7. Absent a record, this Court cannot determine whether Relator is entitled to mandamus relief. *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication).

Accordingly, because Relator's petition fails to comply with the appellate rules, he presents nothing for this Court to review. We, therefore, ***deny*** his petition for writ of mandamus.

Opinion delivered March 12, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2019**

**NO. 12-19-00058-CR**

**MICHAEL SAMPSON,**
Relator
V.

**HON. ALFONSO CHARLES,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael Sampson; who is the relator in appellate cause no. 12-19-00058-CR and applicant in trial court cause no. 48,141-B, pending on the docket of the 124th Judicial District Court of Gregg County, Texas. Said petition for writ of mandamus having been filed herein on February 22, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3